AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

OVERSEAS LEASE GROUP, INC.

V.

KEY GOVERNMENT FINANCE, INC.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 01696

TO: (Name and address of Defendant)

Key Government Finance, Inc.
1000 S. McCaslin Boulevard
Superior, Colorado 80027

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

PAUL BATISTA, P.C.
26 Broadway – Suite 1900
New York, New York 10004

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE: February 20, 2008

JUDGE SCHEINDLIN

08 CV 01696

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
OVERSEAS LEASE
GROUP, INC.,

                Plaintiff,

- against -

KEY GOVERNMENT
FINANCE, INC.,

                Defendant.
------------------------------------------------------------------ x

08 Civ.

COMPLAINT

FILED FEB 2 0 2008 U.S.D.C. S.D.N.Y. CASHIER

Plaintiff Overseas Lease Group, Inc., by and through its attorney, Paul Batista, P.C., for its complaint against defendant Key Government Finance, Inc., respectfully alleges as follows:

### Parties

1.     Plaintiff Overseas Lease Group, Inc. ("OLG") is a corporation organized and existing under the laws of the State of Delaware.

2.     Upon information and belief, defendant Key Government Finance, Inc. ("Key") is a corporation organized and existing under the laws of the State of Ohio with its principal office located at 1000 South McCaslin Boulevard, Superior, Colorado 80027. Key regularly does business, and transacts business, in the State of New York.

### Jurisdiction and Venue

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1337 and 1367.


4.  Personal jurisdiction and venue in this District are proper, pursuant to 28 U.S.C. § 1391(b), because defendant is found in, has agents in, or transacts its business and affairs in the State of New York.

## Statement of Facts
## Common To All Causes of Action

**A.  The Business Relation Between Plaintiff and the U.S. Department of Defense**

5.  Plaintiff OLG is in the business of purchasing vehicles, including trucks and armored trucks, and leasing the vehicles primarily to the United States Department of Defense (the "Defense Department" or "DOD") for use in connection with United States military and antiterrorist activity in Afghanistan. To facilitate its relationship with DOD, plaintiff maintains an office and staff in Kabul, Afghanistan.

6.  Plaintiff OLG, which was awarded its contract by the DOD as a result of competitive bidding, has developed extensive business relationships with DOD personnel in the United States and Afghanistan. As explained in greater detail in the balance of this Complaint, defendant Key, which is a financing company, has interfered, and continues to interfere, in plaintiff's long-standing contract and business relations with the Defense Department. Moreover, as this Complaint will also describe, defendant Key has no reason, privilege or right to engage in the acts of interference which it continues to conduct and which jeopardize plaintiff's on-going business with the DOD.

7.  The underlying contract between the Defense Department and plaintiff was entered into on February 5, 2006 as contract number W91 B4M-06-

D-0001 (the "DOD Contract"). In effect, the DOD contract provides for the leasing by plaintiff for a five year term of vehicles owned by plaintiff to the Defense Department. The DOD Contract involves and will involve over its five-year term several hundred armored and "soft" vehicles and substantially in excess of $25 million.

8.  The relationship between DOD and plaintiff has been developed and maintained since approximately late 2005 and early 2006 and continues to the present as an excellent and productive relationship.

9.  Defendant Key is not a party to OLG's DOD Contract, directly or indirectly, and has no contractual or business relationship with the Defense Department as it relates to OLG's DOD Contract.

**B.  The Assignment Agreement Between Plaintiff and Defendant**

10.  Plaintiff OLG and defendant Key entered into an Assignment Agreement dated April 1, 2006 ("Assignment Agreement") under which plaintiff assigned to defendant "all amounts due and to become due under the [DOD Contract]..." The Assignment Agreement, which is a non-recourse agreement, explicitly provided that Key purchased the lease payment streams of revenue from the Defense Department under the DOD Contract. Subsequent correspondence from defendant limited the amount of such purchases to $25 million of lease payments.

11.  Plaintiff is not and never has been in default or breach of the Assignment Agreement.

3

12. The Assignment Agreement does not transfer from OLG to Key any ownership or equity interest in the vehicles which are the subject of the DOD Contract. The Assignment Agreement provides that Key has a lien only on the OLG-owned vehicles covered by that agreement.

13. Moreover, the underlying DOD Contract provides that the vehicles remain at all times the property of the plaintiff, which is the only entity entitled to recover the vehicles at the end of their lease term and to re-sell or otherwise transfer the vehicles to third-party purchasers, not to Key.

14. Defendant has no role under the Assignment Agreement in the negotiating, purchasing, pricing, sale, re-lease or other transfer of the vehicles. Defendant's role is limited solely to the purchase of the first $25 million of the lease payment stream of revenue under the DOD Contract between OLG and the Defense Department. At Key's request, made immediately after the outset of the OGL-Key relationship, OLG's subsidiary established and maintains all of the monthly billing under the DOD Contract and resolves billing issues, if any, with DOD. Pursuant to a contract executed by and among OGL, Key, and the Defense Department, lease payments from DOD attributable to the lease revenue stream purchased by Key under the Assignment Agreement are deposited directly to the Key account number 329681039569 (the "Key Account").

15. Plaintiff OLG has other financing sources, one of which has purchased separate lease payment streams under the same DOD Contract which are distinct from the payment streams purchased by Key. The payments purchased by the other financing source are directed to the Key Account.

C.  **Defendant's Acts of Interference**

16. Until recently, only plaintiff OLG has had contact with the Defense Department regarding the DOD Contract, the vehicles, and on-going business. Among other things, plaintiff at all times has negotiated and dealt directly and exclusively with DOD personnel, including officers and enlisted personnel in the United States Armed forces, on an array of issues such as lease renewals for vehicles, lease extensions, the pricing of the leases, the billing of DOD for lease payments under the DOD Contract, the addition of vehicles, arrangements for inspection and repair of the vehicles, and the recovery and disposition of the vehicles as they come off-lease.

17. In violation of the existing and future contract and business relations between OLG and the Defense Department, defendant Key has made direct contacts with DOD in Afghanistan and the United States regarding the DOD Contract and the vehicles.

18. Since on or about January 1, 2008, defendant Key has, among other things, (1) contacted DOD officials in Afghanistan through defendant's local hirees who falsely represent themselves to be agents of OLG to obtain information regarding OLG's contract and business, without OLG's knowledge or consent and (2) asserted that Key has "sold" at least seven (7) of the vehicles owned by plaintiff to third parties, notwithstanding Key's full knowledge that those seven (7) vehicles are still under lease/contract with DOD and that those leases/contracts may be renewed by DOD pursuant to on-going negotiations between OLG and DOD.

19. Moreover, defendant Key has retained an alleged "security" firm in Afghanistan and gained unauthorized and illegitimate access to a DOD

5

base in Afghanistan and OLG's contracting officer at DOD, seeking information with respect to OLG's contract and its business operations.

20. Defendant also continues as of the date of the filing of this Complaint, and, unless restrained, will continue, to interfere in future orders by the DOD from plaintiff for many additional vehicles during the balance of the DOD Contract – that is, until 2011.

21. Plaintiff has constantly and repeatedly demanded that defendant Key cease and desist completely from the acts identified in ¶¶ 16, 17, 18, 19, and 20 of this Complaint and in all other conduct by which defendant directly or indirectly has contacted the Defense Department or purports to act as legal owner of the vehicles.

22. Defendant continues to engage in the contacts with DOD and other acts of interference.

**Count I**
(For Temporary, Preliminary
and Permanent Injunction
Relief)

23. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-22, supra.

24. Defendant Key's conduct as identified in this Complaint constitutes interference in OLG's existing and on-going business and contract relations with the Defense Department, including the DOD Contract.

25. Defendant Key has no right or privilege to engage in the acts of interference, including the contacts and communications Key and its agents have initiated with DOD personnel.

26. Unless restrained, defendant Key will continue to engage in the acts identified in this Complaint and in future acts constituting interference.

27. Plaintiff OLG is not and has never been in default of any provision of the DOD Contract or the Assignment Agreement.

28. Plaintiff has no adequate remedy at law.

29. Defendant's conduct has already caused irreparable injury to plaintiff since DOD, in the period since the acts of interference began in January 2008, has raised questions concerning Key's contacts with DOD. The acts identified in this Complaint will, unless restrained, adversely affect plaintiff's current dealings with DOD and its negotiations with DOD for the lease of hundreds of additional vehicles by the DOD from OLG.

### Count II
### (For Interference in Contract)

30. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-29, supra.

31. Defendant's conduct has already inflicted substantial, but difficult to calculate, financial damage on plaintiff in its past, current, and future relations with DOD.

32. By reason of the foregoing, plaintiff Overseas Lease has sustained damage in an amount to be calculated at trial but believed to exceed $30 million.

## Count III
(For Breach of Contract)

33. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-31, supra.

34. Defendant's conduct has constituted a material breach of the Assignment Agreement. By its conduct, Key has violated, inter alia, ¶7 of the Assignment Agreement by interfering with lease payment renewals through its actions or failures to act to cooperate with buyout pricing.

35. By reason of the foregoing, plaintiff has been injured in an amount to be determined at trial but believed to exceed $30 million.

WHEREFORE, plaintiff Overseas Lease Group, Inc. requests judgment:

(1) On Count I, entering temporary, preliminary, and permanent injunctive relief enjoining and restraining defendant Key from, among other things,

(A) contacting, directly or indirectly, any representative, officer or agent of the United States Department of Defense or of the United States military services with respect to plaintiff, the vehicles, and the DOD Contract;

(B) selling, or attempting to sell, or claiming to sell any vehicle covered by the DOD Contract;

(C) seizing, taking or disabling the movement of any vehicle covered by the DOD Contract; and

(D) (i) altering any arrangements, functions or procedures associated with the Key Account, (ii) failing to segregate and treat separately

8

proceeds paid to OGL by DOD into the Key Account for the benefit of OGL for repairs, damage, or destruction of vehicles, and (iii) interfering with any payments from DOD belonging to other financing sources which have contracts with OLG for separate and distinct revenue streams from DOD.

(2) On Count II, damages in an amount to be determined at trial but believed to exceed $30 million.

(3) On Count III, damages in an amount to be calculated at trial but believed to exceed $30 million.

(4) Such other of further relief as the Court deems just and proper.

Dated: New York, New York
February 20, 2008

PAUL BATISTA, P.C.

By _____
PAUL BATISTA (PB8717)
Attorney for Plaintiff
Overseas Lease Group, Inc.
26 Broadway – Suite 1900
New York, New York 10004
(212) 980-0070 (Tel)
(212) 344-7677 (Fax)

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**: OVERSEAS LEASE GROUP, INC.

**DEFENDANTS**: KEY GOVERNMENT FINANCE, INC.

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**: PAUL BATISTA, P.C. 26 Broadway NY NY 10004  212 980 0070

**ATTORNEYS (IF KNOWN)**:

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE): Action for Breach of Contract

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]  Judge Previously Assigned

If yes, was this case  Vol [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date  N/A  & Case No.

(PLACE AN [x] IN ONE BOX ONLY)        NATURE OF SUIT

## ACTIONS UNDER STATUTES

### TORTS

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [X] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ N/A  OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:  N/A

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES  [X] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)    **ORIGIN**

- [X] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)    **BASIS OF JURISDICTION**

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [X] 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [X]2 | [X]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

1719 Stat Route 10
Suite 235
PARSIPPANY, N.J. 07054

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

1000 South McCaslin Blvd.
Superior, CO 80027

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 2/20/08   SIGNATURE OF ATTORNEY OF RECORD
Pd BX, Jr
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 3 Yr. 75)
Attorney Bar Code # PB 8717

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)