UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
OVERSEAS LEASE GROUP, INC.,

                Plaintiff,                08 Civ. 01696 (SAS)

      - against -

KEY GOVERNMENT FINANCE, INC.,

                Defendant.
------------------------------------------------------------------ x

## PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1

Plaintiff Overseas Lease Group, Inc., by and through its attorney, Paul Batista, P.C., in response to the document entitled "Defendant's Statement of Undisputed Facts" dated May 2, 2008 ("Def. Stmt.") and for its statement pursuant to Local Rule 56.1 states as follows:

    1.    Admits ¶1 of Def. Stmt.

    2.    Admits ¶2 of Def. Stmt.

    3.    Admits ¶3 of Def. Stmt.

    4.    Admits ¶4 of Def. Stmt.

    5.    Admits the existence of the "Assignment Agreement" mentioned in ¶5 of Def. Stat. and states that defendant accurately quotes certain language in that document.

    6.    Admits the existence of the "Assignment Agreement" mentioned in ¶6 of Def. Stmt. and states that defendant accurately quotes certain language in that document.

    7.    Admits ¶7 of Def. Stmt.

8. Key did not "finance[ ]" OLG's lease of the vehicles. Under the Assignment Agreement, Key purchased certain streams of revenue from the United States Department of Defense (the "DOD" or "Defense Department") attributable to a contract (Contract No. W91B4M-06-D-0001) (the "DOD Contract"). See the affirmation of Donna M. Zerbo dated May 22, 2008 ("Zerbo Aff.") at ¶2. Under the DOD Contract and the Assignment Agreement, the vehicles were to be "returned" to OLG, not Key. See Zerbo Aff. ¶21.

9. The DOD did not give "notice" of "non-renewal" on or about September 11, 2007. See affirmation of E. George Badcock dated May 22, 2008 ("Badcock Aff.") at ¶19. The TO # 31 vehicles were not "returned." See Badcock Aff. ¶19. The DOD has not "indicated an intent to non-renew some or all of the other remaining Task Orders...." See Badcock Aff. ¶19.

10. OLG, not Key, is entitled to possession of the "Vehicles under TO # 31" when they are "returned" under the DOD Contract. See Badcock Aff. ¶20-21.

11. The Sergeant mentioned in ¶11 of Def. Stmt. did not have the authority under the DOD Contract to return the vehicles. See Badcock Aff. ¶20.

12. The email identified in ¶ 12 of Def. Stmt. did not constitute a "return" of any vehicle under the DOD Contract. See Badcock Aff. ¶20.

13. Contrary to ¶13 of Def. Stmt., there is a dispute as to each of the operative clauses in ¶13. The vehicles have not been "returned" (see Badcock Aff. ¶20). Options to renew in fact have been exercised (see Badcock Aff. ¶21.)

14. OLG never gave its consent to any effort by Key to find buyers for the vehicles. See Badcock Aff. ¶23. Any effort made by Key to sell or dispose of vehicles owned by OLG was not authorized by OLG. See Badcock Aff. ¶23.

15. Key did not have the right or authority to "successfully locate a prospective buyer" for any of the vehicles. See Badcock Aff. ¶¶ 23 and 29. In any event, Key has provided no evidence to OLG or the Court of the actual identity or even the existence of a legitimate "prospective buyer" or of a legitimate offer to buy.

16. OLG has consistently informed Key, in February 2008 and at other times, that Key has no right or authority to sell OLG's vehicles. See Badcock Aff. ¶23.

17. See the Responses to ¶¶ 14, 15 and 16, supra.

18. See the Responses to ¶¶ 14, 15 and 16, supra.

19. OLG has consistently and absolutely taken the position with Key that Key has no right or authority to sell or dispose of the vehicles. See Badcock Aff. ¶23.

20. The vehicles are all located in secure facilities in Afghanistan; they are insured. See Badcock Aff. ¶23.

21. OLG nor has no basis to credit the assertion made in ¶ 21 of Def. Stmt.

22. Contrary to the assertion in ¶ 22 of Def. Stmt., Key has no right or authority to "enforc[e] its right against the Vehicles…" See Zerbo Aff. ¶¶24-26.

23. The statements in ¶ 23 of Def. Stmt. are false. See Badcock Aff. ¶¶30-33.

24. The assertion in ¶ 24 of Def. Stmt. is false. See Badcock Aff. ¶¶30-33.

25. See the Responses to ¶¶ 14, 15, 16, 17, 18 and 19 supra.

26. See the Responses to ¶¶ 14, 15, 16, 17, 18 and 19 supra.

Dated: New York, New York
May 22, 2008

                                                   PAUL BATISTA, P.C.

By _____
Paul Batista (PB8717)
Attorney for Plaintiff
    Overseas Lease Group, Inc.
26 Broadway – Suite 1900
New York, New York 10004
(212) 980-0070 (Tel)
(212) 344-7677 (Fax)
Batista007@aol.com

4