UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

OVERSEAS LEASE GROUP, INC.,

                    Plaintiff,

- against -

KEY GOVERNMENT FINANCE, INC.,

                    Defendant.

-------------------------------------------------------------- x

:  08 Civ. 01696 (SAS)

:

:  **NOTICE OF CROSS-MOTION PURSUANT TO FED R. CIV. P. 56 (f)**

:

PLEASE TAKE NOTICE that upon, the annexed affirmation of Paul Batista dated May 22, 2008, together with the exhibits annexed to that affirmation ("Batista Affirmation"), plaintiff Overseas Lease Group, Inc. will cross-move this Court (Hon. Shira A. Scheindlin, U.S.D.J.) at the Courthouse, Courtroom 15C, 500 Pearl Street, New York, New York 10007, on the return date of defendant's "Notice of Motion for Partial Summary Judgment and Other Relief" dated May 2, 2008, for an order pursuant to Fed. R. Civ. P. 56(f) regarding the document and deposition discovery identified in the supporting Batista Affirmation.

Dated:    New York, New York
            May 22, 2008

                      PAUL BATISTA, P.C.

                      By _____
                         Paul Batista (PB8717)
                         Attorney for Plaintiff
                           Overseas Lease Group, Inc.
                         26 Broadway – Suite 1900
                       New York, New York 10004
                       (212) 980-0070 (Tel)
                       (212) 344-7677 (Fax)

To:    MORRITT HOCK HAMROFF & HOROWITZ LLP
       Attorneys for Defendant
              Key Government Finance, Inc.
       400 Garden City Plaza, Suite 202
       Garden City, NY 11530
       (516) 873-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

OVERSEAS LEASE GROUP, INC.,

                 Plaintiff,

        - against -

KEY GOVERNMENT FINANCE, INC.,

                Defendant.

-------------------------------------------------------------------- x

:      08 Civ. 01696 (SAS)

:

:

:

:

### AFFIRMATION IN SUPPORT OF CROSS-MOTION FOR DISCOVERY PURSUANT TO FED. R. CIV. P. 56 (f)

      PAUL BATISTA, an attorney admitted to practice in this Court in 1975, affirms under penalty of perjury:

      1.     I represent plaintiff Overseas Lease Group, Inc. ("OLG"). I submit this affirmation in opposition to defendant's motion for "partial summary judgment" and in support of OLG's cross-motion pursuant to Fed. R. Civ. P. 56(f) for an order permitting discovery as delineated in this affirmation. Except as otherwise specifically indicated, I have personal knowledge of the facts set forth in this affirmation.

      2.     The motion of defendant Key Government Finance, Inc. ("Key") should be denied because of the existence of the material issues of fact described in the accompanying May 22, 2008 affirmation of E. George Badcock, President and Chief Executive Officer of OLG ("Badcock Aff."), and the accompanying May 22, 2008 affirmation of Donna M. Zerbo, OLG's General Counsel ("Zerbo Aff.").

3.      As explained in this affirmation and the accompanying legal memorandum, defendant's motion should also be denied because the motion places in issue essential facts to which already-served document demands and a deposition notice seek pre-trial discovery.  (Annexed as Exhibit 1 is a copy of "Plaintiff Overseas Lease Group, Inc.'s First Request for Production of Documents" dated April 25, 2008 ("First Document Demand") and, as Exhibit 2, "Plaintiff's First Notice of Deposition.")[1]

4.      Among other things, the discovery seeks documents that are relevant to one of the central claims made in the affidavit of David Karpel ("Karpel Aff."), which is the only "fact" affidavit supporting Key's motion.  Karpel asserts – falsely – that Key is entitled to absolute ownership and control of vehicles owned by OLG  and leased by OLG to the United States Department of Defense (the "DOD" or "Defense Department") in Afghanistan because DOD, on September 11, 2007, allegedly "gave notice of its non-renewal of its lease" under so-called "Task Order # 31" ("TO # 31") and "returned" the TO # 31 vehicles in December 2007 "in accordance with" the February 5, 2006 contract between OLG and DOD (the "DOD Contract").  See Karpel Aff. ¶10.

5.      As the Badcock Affirmation demonstrates, Karpel does not understand the terms of the DOD Contract or the April 1, 2006 Assignment Agreement between OLG and Key (the "OLG-Key Agreement").  Nor, as the Badcock Affirmation reveals, does Karpel understand that the vehicles have not been "returned" by the Defense Department in accordance with the DOD Contract.

---

[1] No pre-trial discovery has taken place in this action.

6.     In any event, for purposes of this cross-motion for discovery, the pending discovery demands are designed in part to elicit documents and evidence that would show that Key itself possesses documents, including emails, which reveal that the DOD has in fact <u>not</u> "elected not to renew to renew its lease to the TO # 31 Vehicles" (<u>see</u> Key's "Answer, Affirmative Defense and Amended Counterclaims" dated May 2, 2008 ["Counterclaims"]).

7.     OLG's First Document Demand – to which <u>no</u> response has yet been served or documents produced – is also designed to obtain documents revealing that the TO # 31 vehicles have not been "returned" by DOD, contrary to the inaccurate claims in the Karpel Affidavit and Key's underlying contentions in its Counterclaims.

8.     The First Document Demand requests that Key produce all documents "which in any way relate, refer to or evidence the allegation of…the Counterclaims that the 'DOD elected not to renew its lease to the TO # 31 Vehicles which expired on November 31, 2007 and returned said Vehicles to OLG on or about December 1, 2007…'" (<u>See</u> Exhibit 1 at ¶ 30.)

9.     The need for discovery – in the event the motion for partial summary judgment is not immediately denied on the existing record – is framed by the explicit language used by Key in the Karpel Affidavit and the Fourth Counterclaim itself.  According to the Karpel Affidavit:

> In accordance with the terms of the DOD Contract, the DOD provided OLG with, among others, Task Order # 31, pursuant to which OLG leased to the DOD and the DOD leased from OLG seventy (70) Vehicles identified therein (the "TO # 31

3

Vehicles"). Key financed OLG's lease of the Vehicles...based on a 5 year contract, although the DOD was only committed to the first year, with 4 option years in which it had the right on a year-by-year basis to "non-renew" the transaction and return the Vehicles to OLG...

On or about September 11, 2007, the DOD gave notice of its non-renewal of its lease of the TO # 31 Vehicles, which expired on November 30, 2007, and returned said Vehicles to OLG on or about December 1, 2007 in accordance with the DOD Contract...

OLG (and hence Key) is entitled to possession of the Vehicles under TO # 31 since the DOD did not exercise its option to extend the term of the DOD Contract....Attached as Exhibit "E" is an email dated September 17, 2007 from Sergeant Marlon T. McGee informing that all [v]ehicles regarding TO # 31 will be turned in, with responding emails from No Lemon (the field storage lot to which the Vehicles would be surrendered) acknowledging the same. Further, on March 31, 2008, Lt. Col. Branley [sic] Fishel wrote to OLG that "as Task Order 31 has expired, [the Government] needs to return the vehicles to OLG asap."...[See Karpel Aff. ¶¶9-11.]

10.    The document discovery to which OLG is entitled is designed to elicit documents – and the pending deposition notice is likewise designed to elicit testimony – from Key on essential aspects of the factual contentions that Key has placed at issue on this current motion for "partial" summary judgment, among them the following:

- Did DOD in fact give "notice of its non-renewal of its lease to the TO # 31 Vehicles" in September 2007 (see Karpel Aff. ¶10)?

- Did the DOD in fact "return[ ]" the vehicles "on or about December 1, 2007 in accordance with the DOD Contract" (see Karpel Aff. ¶ 10)?

- Was the email on September 17, 2007 from an Army Sergeant the "non-renewal" required by the DOD Contract (see Karpel Aff. ¶ 10)?

Dated:    New York, New York
          May 22, 2008



PAUL BATISTA

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

OVERSEAS LEASE
GROUP, INC.,                                              :

               Plaintiff,                          :

        - against -                              :          08 Civ. 01696 (SAS)

                                  :

KEY GOVERNMENT
FINANCE, INC.,                                           :

                                  :

              Defendant.
------------------------------------------------------------------- x

## PLAINTIFF OVERSEAS LEASE GROUP, INC.'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

     **PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Overseas Lease Group, Inc. ("OLG") hereby requests that defendant Key Government Finance, Inc. ("Key") produce for examination, inspection and copying the documents requested herein (the "Request") at the offices of Paul Batista, P.C., 26 Broadway, Suite 1900, New York, New York, 10004 within thirty (30) days of the service of this Request.

### Definitions

     Plaintiff OLG incorporates by reference the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. The term "document" is further defined to include, without limitation, transcripts, notes, transcribed notes, memoranda, data compilations stored in electronic media, tape recordings, audio tapes, trade confirmations and account statements.

## Instructions

1.    In the event that any document called for by this Request is withheld on the basis of a claim of privilege, provide the information required by Rule 26.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2.    If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information or data, the storage mode, and the place or places where such information is maintained.

3.    This Request is a continuing one pursuant to which defendant Key is required promptly to make further or supplemental production of responsive documents created, discovered or acquired between the date of initial production and any time thereafter, including the time of trial.

4.    If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

## Documents Requested

1.    Documents identifying, relating to, or mentioning plaintiff OLG.

2.    Documents sent to or received from the United States Department of Defense ("DOD").

3.    Documents evidencing, relating to, or reflecting the assertion in ¶37 of defendant's "Answer, Affirmative Defenses and Counterclaims" dated

March 19, 2008 ("Counterclaims") that "OLG's claims are barred...by the doctrines of laches, estoppel or waiver, and to the extent that OLG consented to or acquiesced in any of the acts complained of in the Complaint."

4.    Documents evidencing, relating to, or reflecting the assertion of ¶38 of the Counterclaims that plaintiff's claims "are barred...by the doctrine of unclean hands."

5.    Documents evidencing, relating to or reflecting the assertion of ¶39 of the Counterclaims that plaintiff's claims "are barred...by documentary evidence."

6.    Documents evidencing, relating to or reflecting the assertion of ¶40 of the Counterclaims that "[a]ny injury or damages alleged by OLG were...the result of OLG's own culpable conduct."

7.    Documents evidencing, relating to or reflecting the assertion of ¶41 of the Counterclaims that "[a]ny injury or damages alleged by OLG...were the result of OLG's breach of contract and/or its negligence, acts or omissions."

8.    Documents evidencing, relating to or reflecting the assertion of ¶46 of the Counterclaims that defendant "relied upon OLG's expertise in the Afghanistan market..."

9.    Documents evidencing, relating to or reflecting the assertion of ¶46 of the Counterclaims that OLG was "aware of" defendant's "reliance" as alleged in ¶46.

10.    Documents evidencing, relating to or reflecting the assertion of ¶46 of the Counterclaims that OLG was "aware of" defendant's "reliance" as alleged in ¶46.

11.    Documents evidencing, relating to or reflecting the allegation of ¶47(a) of the Counterclaims that OLG made "material representations" to defendant that "the vehicles consisting of 'soft vehicles' had a fair market value in Afghanistan, at the time of the transaction, of $65,000.00 and a cost ranging between $73,740.00 and $95,688.00 per vehicle, and that the Vehicles consisting of 'armored vehicles' had a fair market value in Afghanistan, at the time of the transaction, ranging from $282,000.00 and $329,328.00 per Vehicle…"

12.    Documents evidencing, relating to or reflecting the allegation of ¶47(b) of the Counterclaims regarding alleged "material representation" by OLG that "in the event the DOD did not renew some or all of the Task Orders, the Vehicles would be returned to OLG and could readily be remarketed by OLG in the marketplace."

13.    Documents evidencing, relating or referring to all aspects of defendant's "approv[al]" of the "transaction for funding," as alleged in ¶48 of the Counterclaims.

14.    Documents evidencing the payment of $26,231,059.00 as alleged in ¶49 of the Counterclaims.

15.    Documents evidencing, relating to, reflecting or embodying the DOD's "notice of non-renewal of Task Order #31" and "an intent to non-renew some or all of the remaining Task Orders" as alleged in ¶50 of the Counterclaims.

16.    Documents evidencing, constituting, relating to or reflecting the "documents" obtained by defendant from "OLG's files" as alleged in ¶50 of the Counterclaims.

17.     Documents evidencing, relating or referring to defendant's "retent[ion]" of an "independent consultant in Afghanistan to…determine the market value for the Vehicles and to identify prospective buyers for the Vehicles," as alleged in ¶50 of the Counterclaims.

18.     Documents evidencing, constituting, relating or referring to any "determin[ation]," evaluation or assessment of the "market value of the Vehicles" by or for defendant, as alleged in ¶50 of the Counterclaims.

19.     Documents identifying, relating or referring to "prospective buyers for the Vehicles," as alleged in ¶50 the Counterclaims.

20.     Documents relating or referring in any way to the allegations of ¶51(a) of the Counterclaims that "OLG's material representations were false in that…OLG charged [defendant] for the vehicles consisting of 'soft vehicles' that were leased to the DOD for between $73,740.00 and $95,688.00 each but OLG had in actuality, paid only between $23,212.00 and $32,334.00 per each [sic] Vehicle."

21.     Documents relating or referring in any way to the allegations of ¶51(b) of the Counterclaims that "OLG's lease pricing to the DOD for those same Vehicles, at approximately $95,000 per Vehicle, was far in excess of the market value pricing."

22.     Documents evidencing, relating or referring  in any way to the allegations of ¶51(c) of the Counterclaims that, "[a]t the time of the DOD's notice of non-renewal, only two years after the date that the Vehicles were first leased to the DOD, the Vehicles had a fair market value of only $25,000.00"

23.     Documents evidencing, relating or referring to the assertion of ¶52 of the Counterclaims that "Key's losses arising out of this transaction are far in

excess of that which was estimated by Key as a 'worst case scenario' at the time the Assignment Agreement was entered into…"

24.     Documents reflecting, evidencing or relating the allegations of ¶54 of the Counterclaims that Key "has suffered financial damages."

25.     Documents embodying, evidencing or reflecting all "Assignment of Proceeds Letters" to which ¶58 of the Counterclaims refers.

26.     Documents evidencing, reflecting or referring to all "invoice[s]" to which ¶58 of the Counterclaims refers.

27.     Documents relating or referring to all drafts of the "Assignment Agreement" to which ¶59 of the Counterclaims refers.

28.     Documents which in any way relate or refer to the basis for Key's "information and belief" that the "DOD's lease of the TO #31 Vehicles expired on November 30, 2007," as alleged in ¶61 of the Counterclaims.

29.     Documents relating or referring in any way to the "seventy (70) Vehicles identified therein (the 'TO #31 Vehicles')," as alleged in ¶60 of the Counterclaims.

30.     Documents which in any way relate, refer to or evidence the allegation of ¶62 of the Counterclaims that the "DOD elected not to renew its lease of the TO #31 Vehicles which expired on November 30, 2007 and returned said Vehicles to OLG on or about December 1, 2007…"

31.     Documents relating or referring in any way to the document dated "on or about May 18, 2006 (the 'Title Agreement')" as alleged in ¶63 of the Counterclaims.

32.    Documents, evidencing, substantiating, relating or referring to the assertion of ¶64 of the Counterclaims that "OLG sold and assigned to Key good and unencumbered title to the TO #31 Vehicles."

33.    Documents relating in any way to any efforts by Key to find "buyers through its own efforts" as alleged in ¶65 of the Counterclaims.

34.    Documents evidencing, relating or referring to the allegations of ¶66 of the Counterclaims that "Key successfully located a prospective buyer for seven (7) of the TO #31 Vehicles," as alleged in ¶67 of the Counterclaims.

35.    Documents relating or referring to the allegations of ¶81 of the Counterclaims that "Task Orders pertaining to leases of over 200 additional Vehicles to which OLG sold and assigned title to Key are due to expire in upcoming months and the DOD has indicated that it is not likely to exercise its option to renew those Task Orders for part or all of their remaining terms."

36.    Documents identifying, relating or referring to the "outside consultant" mentioned in ¶87 of the Counterclaims.

37.    Documents relating in any way to the allegation of ¶88 of the Counterclaims that the "amount of the repair bill is woefully excessive."

38.    Documents relating to the allegation of ¶89 of the Counterclaims that "DOD has disputed, and continues to dispute, the amount of the repair bill."

39.    Documents relating to the allegation of ¶89 of the Counterclaims that the "DOD has seriously considered the option of purchasing some or all of the Vehicles."

40.    Documents relating to, evidencing or substantiating Key's allegation in ¶93 of the Counterclaims that it "has sustained damages" of no "less than $1,750,000.00."

41.    Documents evidencing, relating or referring to the "attorneys' fees" of Key as alleged in ¶¶102 and 103 of the Counterclaims.

42.    Documents evidencing, constituting or relating in any way to:

(A)    the "invoices" identified in ¶105 of the Counterclaims;

(B)    the "fund[ing]" of the proceeds identified in ¶¶105 and 106 of the Counterclaims;

(C)    the "representations" of plaintiff mentioned in ¶107 of the Counterclaims; and

(D)    the "substantial[ ] overcharge[s]" referred to in ¶110 of the Counterclaims

43.    Documents relating or referring in any way to the amount of the "purchase[s]" and "invoice[s]" specifically mentioned in ¶110 of the Counterclaims for the four types of vehicles identified in ¶110.

44.    Documents relating to the allegations of ¶¶ 117, 118, 119, 120, 121, 122, 123, 124 and 125 of the Counterclaims.

Dated:      New York, New York
            April 25, 2008

                          PAUL BATISTA, P.C.

                          By_____
                              Paul Batista (PB8717)
                              Attorney for Plaintiff
                                  Overseas Lease Group, Inc.
                              26 Broadway – Suite 1900
                              New York, New York 10004
                              (212) 980-0070 (Tel)
                              (212) 344-7677 (Fax)


To:    MORITT HOCK HAMROFF & HOROWITZ LLP
       Attorneys for Defendant
           Key Government Finance, Inc.
       400 Garden City Plaza
       Garden City, NY 11530
       (516) 873-2000 (Tel)

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

OVERSEAS LEASE GROUP, INC.,

              Plaintiff,

      - against -

KEY GOVERNMENT FINANCE, INC.,

              Defendant.

------------------------------------------------------------------- x

:   08 Civ. 01696 (SAS)

:   **PLAINTIFF'S**
:   **FIRST NOTICE OF**
:   **DEPOSITION**

:

      Pursuant to Fed. R. Civ. P. 26, plaintiff Overseas Lease Group, Inc., will take the deposition of defendant Key Government Finance, Inc. through the following individuals on the dates and times set forth below at the offices of Paul Batista, P.C., 26 Broadway, Suite 1900, New York, New York 10004:

| Deponent | Date and Time |
| --- | --- |
| Howard Ulep | June 10, 2008 at 10:00 A.M. |
| David Karpel | June 11, 2008 at 10:00 A.M. |
| John Lekic | June 12, 2008 at 10:00 A.M. |
| Rondall Garland | June 13, 2008 at 10:00 A.M. |

      The depositions will continue from day-to-day until concluded.

Dated:     New York, New York
           May 7, 2008

PAUL BATISTA, P.C.

By _____
Paul Batista (PB8717)
Attorney for Plaintiff
    Overseas Lease Group, Inc.
26 Broadway – Suite 1900
New York, New York 10004
(212) 980-0070 (Tel)
(212) 344-7677 (Fax)


To:    MORITT HOCK HAMROFF & HOROWITZ LLP
       Attorneys for Defendant
           Key Government Finance, Inc.
       400 Garden City Plaza
       Garden City, NY 11530
       (516) 873-2000 (Tel)

2

## DECLARATION OF SERVICE

PAUL BATISTA, an attorney admitted to practice in this Court in 1975, declares under penalty of perjury that he served the annexed (A) Notice of Cross-Motion and supporting affirmation of Paul Batista, (B) Affirmation of E. George Badcock and exhibits, (C) Affirmation of Donna M. Zerbo and exhibits, (D) Plaintiff's Memorandum In Opposition to Defendant's Motion for Summary Judgment, and (E) Plaintiff's Statement Pursuant to Local Rule 56.1 on Morritt Hock Hamroff & Horowitz LLP, 400 Garden City Plaza, Garden City, NY 11530, attorneys for defendant, by depositing true, complete and correct copies in pre-paid, properly addressed envelopes in an official depository of the U.S. Postal Service on May 23, 2008.

PAUL BATISTA