UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OVERSEAS LEASE GROUP, INC.,                    08 Civ. 01696 (SAS)(THK)

                  Plaintiff,                **REPLY AFFIRMATION
IN OPPOSITION TO**
- against -                                    **CROSS-MOTION
PURSUANT TO**
KEY GOVERNMENT FINANCE, INC.,                  **FED. R. CIV. P. 56(f)**

                  Defendant.
-----------------------------------------------------------x

      TERESE L. ARENTH, an attorney duly admitted to practice law before the Courts of the State of New York, under penalties of perjury does hereby affirm as follows:

      1.     I am a member of the firm of Moritt Hock Hamroff & Horowitz LLP, attorneys for the Defendant, Key Government Finance, Inc. ("Key"). I am fully familiar with the facts and circumstances set forth herein.

      2.     I submit this Reply Affirmation in further support of Key's motion for partial summary judgment and, in particular, in opposition to the cross-motion filed by Plaintiff, Overseas Lease Group, Inc. ("OLG") pursuant to Fed. R. Civ. P. 56(f) for an order permitting discovery.[1] Specifically, OLG's cross-motion seeks document discovery and depositions on

---

[1] Initially, OLG's motion was short-served upon Key and improperly stylized as a cross-motion. As indicated by OLG's Declaration of Service, annexed hereto as Exhibit 1, OLG served its cross-motion upon Key by first class mail on May 23, 2008. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, a motion "must be served at least 5 days before the time specified for the hearing". When computing the time period for proper service, Saturday, Sunday and Memorial Day should have been excluded and an additional 3 days must be added to the computation due to OLG's service by first class mail. Fed. R. Civ. P. 6(a) and (d). OLG's cross-motion is noticed for the same return date as Key's motion for partial summary judgment, to wit, May 30, 2008. By effectuating service of its cross-motion upon Key by first class mail on May 23, 2008, the earliest proper return date for OLG's motion is June 5, 2008. Based thereon, it is respectfully submitted that this Court should reject OLG's cross-motion, particularly since the parties have had a briefing schedule since the April 24, 2008 pre-motion conference and OLG easily could have served its motion well in advance of May 23, 2008 if OLG legitimately believed that it required discovery to respond to Key's motion. Should the Court, however, nonetheless consider OLG's cross-motion, this Affirmation is submitted in opposition thereto.

certain purported factual contentions that OLG erroneously claims that Key has placed at issue on its partial summary judgment motion.

3.  The issue on Key's motion is simple and straightforward: it involves the vehicles that were leased by OLG to the DOD[2] under the Contract and seeks a declaration of the relative rights between Key and OLG to recover and dispose of those vehicles <u>when entitled to</u> under the DOD Contract or applicable law. (Contrary to OLG's contentions, Key is not seeking a declaration that it is either the owner of said vehicles or that it is entitled <u>now</u> to recover possession and to dispose of the vehicles). As OLG's assignee and/or lienholder, Key has all of the rights and remedies of OLG, including the right to recover possession of the vehicles and to dispose of them as and when they come off lease, based upon the clear and unambiguous language of the written agreements between Key and OLG.

4.  In support of its cross-motion for discovery, OLG erroneously argues that it requires discovery regarding Key's allegation that Key is entitled to "absolute ownership and control" of the vehicles because the DOD gave notice of its non-renewal of TO #31 and returned the TO #31 Vehicles in accordance with the DOD Contract. Batista Affirmation, ¶ 4. While OLG claims that Key's fact witness, David Karpel, does not understand the terms of the DOD Contract, it is clear that it is OLG that does not understand the issues before this Court on Key's motion. As stated above and as set forth in the accompanying Reply Affidavit of David Karpel, Key does not claim that it is entitled to "absolute ownership and control". As OLG's assignee and as lienholder, the absolute assignment to Key enables Key, until its debt on a vehicle is

---

[2] Capitalized terms are used herein as defined in Key's moving submissions in support of its motion for partial summary judgment.

satisfied, to succeed to the rights and remedies of OLG in protecting and enforcing the lien that Key has on the Vehicles.

5. As set forth in the accompanying Reply Memorandum of Law, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, discovery may only be had should it appear from the affidavits opposing a motion for summary judgment that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition.

6. OLG's cross-motion for discovery is admittedly designed to elicit documents and testimony[3] to show that the DOD has not elected to non-renew its lease of the TO #31 Vehicles and that the TO #31 Vehicles have not been "returned" by the DOD. However, whether or not the DOD has elected to non-renew its lease or has returned the TO #31 Vehicles is simply irrelevant for purposes of Key's motion. Key merely seeks a declaration as to its rights with respect to the Vehicles, as OLG's assignee, <u>as and when the Vehicles come off lease</u> -- at whatever point in time that may be, now or later.

7. OLG's cross-motion likewise seeks the deposition of the parties who negotiated the Assignment Agreement between Key and OLG to address the parties' intent regarding title to the Vehicles and the meaning of the assignment provision. However, Key does not contest on this motion the issue of title and the assignment language is crystal clear. OLG has offered no explanation as to what is purportedly ambiguous about the clear assignment language, nor has OLG offered an explanation as to what that clear language could otherwise mean.

---

[3] OLG's cross-motion accurately states that no response has yet been served or documents produced in response to its First Document Demand. However, OLG gives the misimpression that Key is in default of its discovery obligations. Pursuant to this Court's Scheduling Order, Key's response to the demand is not due to be served until May 30, 2008. This week, at the request of OLG's counsel, the parties agreed to extend the time for their respective responses until June 10, 2008. <u>See</u> Batista letter dated May 28, 2008 annexed hereto as Exhibit 2 and my letter in response annexed hereto as Exhibit 3.

3

8.      Based thereon, there is simply no basis for OLG's cross-motion for discovery, which is not designed to elicit any facts that are essential to its opposition to Key's motion for partial summary judgment. Key's motion is based upon the clear and unambiguous language of the written agreements between Key and OLG and there are no genuine issues of fact to be tried, warranting entry of partial summary judgment in Key's favor and against OLG on Key's Fourth Amended Counterclaim for a declaratory judgment, declaring that: Key, as OLG's assignee and lienholder, has the right to recover possession and to dispose of the vehicles described in the Karpel Affidavit, whenever OLG would be or have been entitled to recover possession of such vehicles and to dispose of them.

9.      Accordingly, it is respectfully requested that Defendant's motion be granted in its entirety and that Plaintiff's cross-motion be denied in its entirety.

Dated: Garden City, New York
       May 30, 2008

                                                            _____
                                                            TERESE L. ARENTH

F:\Key Equipment Finance\Overseas\Docs\Arenth Affirmation In Opp To X-Motion.Doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                     ) ss.:
COUNTY OF NASSAU    )

      MICHELLE FALCONER, being duly sworn deposes and say:

      I am not a party to the action, am over 18 years of age and reside in Rockville Centre, New York.

      On the 30th day of May, 2008, I served true copies of the within REPLY AFFIRMATION IN OPPOSITION TO CROSS-MOTION PURSUANT TO FED. R. CIV. P. 56(f), via first class mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

      PAUL BATISTA, P.C.
      26 Broadway - Suite 1900
      New York, New York 10004
      Attn: Paul Batista, Esq.

_____
MICHELLE FALCONER

Sworn to before me this
30th day of May, 2008

_____
Notary Public

DAGMAR E. ROWINSKY
NOTARY PUBLIC, State of New York
No. 4789327
Qualified in Nassau County
Commission Expires 10-31-09

F:\Key Equipment Finance\Overseas\Docs\AOS Reply Affm 5 30 08.doc

## DECLARATION OF SERVICE

PAUL BATISTA, an attorney admitted to practice in this Court in 1975, declares under penalty of perjury that he served the annexed (A) Notice of Cross-Motion and supporting affirmation of Paul Batista, (B) Affirmation of E. George Badcock and exhibits, (C) Affirmation of Donna M. Zerbo and exhibits, (D) Plaintiff's Memorandum In Opposition to Defendant's Motion for Summary Judgment, and (E) Plaintiff's Statement Pursuant to Local Rule 56.1 on Morritt Hock Hamroff & Horowitz LLP, 400 Garden City Plaza, Garden City, NY 11530, attorneys for defendant, by depositing true, complete and correct copies in pre-paid, properly addressed envelopes in an official depository of the U.S. Postal Service on May 23, 2008.

PAUL BATISTA

**PAUL BATISTA, P.C.**
Attorney-at-Law
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(212) 980-0070**

e-mail: Batista007@aol.com                                  Facsimile: (212) 344-7677

May 28, 2008

<u>VIA TELECOPIER</u>
Terese L. Arenth, Esq.
Morritt Hock Hamroff & Horowitz, LLP
400 Garden City Plaza,
Suite 202
Garden City, NY 11530

    Re: Overseas Lease Group, Inc.
      <u>Key Government Finance, Inc.</u>

Dear Terese:

  I am still in the process of pulling together documents responsive to your document demand and preparing a Rule 34 Response, which I intend to serve on you on or about June 10, 2008.

  I assume this is acceptable to you.

  Of course I have no problem should you require additional time to respond to my document demand.

                Sincerely,

                Paul Batista

cc: Mr. E. George Badcock
   Donna M. Zerbo, Esq.



**Moritt Hock Hamroff & Horowitz LLP**
ATTORNEYS AT LAW

**Terese L. Arenth**
Partner
Email: tarenth@moritthock.com

May 28, 2008

**VIA FACSIMILE**
Paul Batista, Esq.
26 Broadway - Suite 1900
New York, New York 1004

Re: <u>Overseas Lease Group, Inc. v. Key Government Finance, Inc.</u>

Dear Paul:

We are in receipt of your letter of even date regarding your response to our document demand.

We are amenable to extending your time to respond to the document demand and produce documents until and including June 10, 2008, providing that we are granted the same extension with respect to our response to Plaintiff's demand.

Very truly yours,

Terese L. Arenth

TLA:mf

F:\Key Equipment Finance\Overseas\Correspondence\Batista 5 28 08.doc