UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
OVERSEAS LEASE GROUP, INC.,                            08 Civ. 01696 (SAS)(THK)

                              Plaintiff,

            - against -

KEY GOVERNMENT FINANCE, INC.,

                              Defendant.
-----------------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION FOR
## PARTIAL SUMMARY JUDGMENT
## AND IN OPPOSITION TO PLAINTIFF'S
## CROSS-MOTION PURSUANT TO FED. R. CIV. P. 56(f)

MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for Defendant
400 Garden City Plaza
Garden City, NY  11530
(516) 873-2000

On the Brief:   Terese L. Arenth, Esq. (TA-5167)
                Marc L. Hamroff, Esq. (MH-9283)

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................................1

RELEVANT FACTS...........................................................................................................2

ARGUMENT  .....................................................................................................................2

POINT I          PARTIAL SUMMARY JUDGMENT IS APPROPRIATE
                 AND WARRANTED ..............................................................................2

POINT II         THE ASSIGNMENT AGREEMENT  IS CLEAR AND UNAMBIGUOUS,
                 WARRANTING ENFORCEMENT BY ITS TERMS ...........................................3

POINT III        PLAINTIFF'S CROSS-MOTION SHOULD BE DENIED ...................................6

POINT IV         RULE 54(b) CERTIFICATION SHOULD BE GRANTED
                 CONCERNING THE PARTIAL SUMMARY JUDGMENT
                 ON KEY'S FOURTH AMENDED COUNTERCLAIM AND
                 KEY'S REMAINING COUNTERCLAIMS SHOULD BE
                 SEVERED AND CONTINUED ..............................................................7

CONCLUSION ...................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

<u>Air Support International, Inc. v. Atlas Air, Inc.</u>, 54 F.Supp.2d 158 (E.D.N.Y. 1999)...................4

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S. Ct. 2505 (1986).........................................2

<u>Battery Associates, Inc. v. J & B Battery Supply, Inc.</u>, 944 F.Supp. 171 (E.D.N.Y. 1996) ...........4

<u>Dixon v. Bowen</u>, 126 F.R.D. 483 (S.D.N.Y. 1989)...........................................................................6

<u>Katz v. American Technical Industries, Inc.</u>, 96 A.D.2d 932, 466 N.Y.S.2d 378
 (2d Dep't 1983) .............................................................................................................................6

<u>Roco Carriers, Ltd. v. M/V Nurnberg Exp.</u>, 899 F.2d 1292 (2d Cir. 1990) ....................................2

<u>Witter v. Abell-Howe Co.</u>, 765 F. Supp. 1144 (W.D.N.Y 1991) .....................................................6


**Statutes**                                                                                                        **Page**

Rule 42(b) of the Federal Rules of Civil Procedure ....................................................................1, 7

Rule 54(b) of the Federal Rules of Civil Procedure ....................................................................1, 7

Rule 56 of the Federal Rules of Civil Procedure.............................................................................1

Rule 56(f) of the Federal Rules of Civil Procedure.....................................................................1, 6

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is respectfully submitted in further support of the motion by Defendant Key Government Finance, Inc. ("Key"): (i) pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment as to Key's Fourth Amended Counterclaim against Plaintiff, Overseas Lease Group, Inc. ("OLG"), which seeks a declaratory judgment declaring that Key, as OLG's assignee and lienholder,[1] has the right to recover possession and to dispose of the vehicles described below in an effort to mitigate its losses, whenever OLG would be or have been entitled to recover possession of such vehicles and to dispose of them; (ii) pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, severing and continuing Defendant's First, Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Counterclaims against Plaintiff; and (iii) pursuant to Rule 54(b), granting certification of the summary judgment on Defendant's Fourth Amended Counterclaim against Plaintiff.

This Reply Memorandum of Law is also submitted in opposition to OLG's cross-motion pursuant to Fed. R. Civ. P. 56(f) for an order permitting discovery. Specifically, OLG's cross-motion seeks document discovery and depositions to show that the DOD[2] has not elected to non-renew its lease of the TO #31 Vehicles and that the TO #31 Vehicles have not been "returned" by the DOD. However, whether or not the DOD has elected to non-renew its lease or has returned the TO #31 Vehicles is simply irrelevant for purposes of Key's motion. Key seeks a declaration as to its rights with respect to the Vehicles, as OLG's assignee, <u>as and when the Vehicles come off lease</u> -- at whatever point in time that may be, now or later. Moreover, OLG's own papers

---

[1] Key's Fourth Amended Counterclaim seeks relief as either title owner or assignee/lienholder. For purposes of this motion only, Key is only seeking relief with respect to its rights as the assignee of OLG's rights and remedies and as lienholder.

[2] Capitalized terms are used herein as defined in Key's moving submissions in support of its motion for partial summary judgment.

admit that as of May 31, 2008 at the latest, the TO #31 Vehicles are terminated and being returned.

Based thereon, there is simply no basis for OLG's cross-motion for discovery, which is not designed to elicit any facts that are essential to its opposition to Key's motion for partial summary judgment. Key's motion is based upon the clear and unambiguous language of the written agreements between Key and OLG and there are no genuine issues of fact to be tried.

### RELEVANT FACTS

For the Court's reference, the relevant facts are set forth in detail in Key's Memorandum of Law submitted in support of its motion, as well as the moving Affidavit of David Karpel ("Karpel Aff."), sworn to May 1, 2008, and the Reply Affidavit of David Karpel ("Karpel Reply Aff."), sworn to May 29, 2008. In an effort to avoid undue repetition, those facts will not be reiterated herein except as necessary to the arguments set forth below.

### ARGUMENT

### POINT I

### PARTIAL SUMMARY JUDGMENT IS
### APPROPRIATE AND WARRANTED

It is black-letter law that summary judgment will lie where the dispute as to any material fact is not "genuine", i.e., that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986). The burden is on the party opposing summary judgment to come forward with specific facts showing that there is a genuine issue for trial. Roco Carriers, Ltd. v. M/V Nurnberg Exp., 899 F.2d 1292 (2d Cir. 1990). At bar, OLG has failed to meet its burden.

Instead, as discussed in the Karpel Reply Affidavit and the accompanying Reply Affirmation of Terese L. Arenth ("Arenth Reply Aff."), dated May 30, 2008, OLG's opposition

2

to Key's motion utterly mischaracterizes or otherwise misapprehends the arguments raised by Key in support of its motion and raises facts having absolutely no relevance to Key's motion. Furthermore, literally half of OLG's memorandum of law in opposition to Key's motion is spent summarizing all of Key's Counterclaims in this action, despite the fact that Key's Fourth Amended Counterclaim is the only counterclaim that is the subject of its motion.

Instead, as discussed below, OLG simply ignores the clear and unambiguous terms of the written agreements between Key and OLG, pursuant to which Key, as OLG's assignee and lienholder, is clearly entitled to recover possession and to dispose of the vehicles, as OLG's assignee and lienholder, as and when OLG is entitled to do so under the DOD Contract or applicable law.

## POINT II

### THE ASSIGNMENT AGREEMENT IS CLEAR AND UNAMBIGUOUS, WARRANTING ENFORCEMENT BY ITS TERMS

OLG's opposition to Key's motion for partial summary judgment ignores the clear and unambiguous language in the Assignment Agreement which clearly entitles Key to exercise the rights and remedies of OLG under the DOD Contract. Instead, through the Affirmation of Donna M. Zerbo (the "Zerbo Aff."), OLG undertakes a tortured analysis of the negotiations between OLG and Key pertaining to the Assignment Agreement and Ms. Zerbo's (mis)interpretation of that agreement, simply ignoring the clear and unambiguous provisions that were ultimately agreed upon by the parties. Specifically, pursuant to the Assignment Agreement, OLG indisputably sold, assigned, transferred and set over unto Key all of OLG's "right, title and interest in and to (but none of its obligations under) the [DOD Contract]" and

> "all amounts due and to become due under the Contract, including (without limitation) payments, insurance proceeds, and all monies payable or recoverable following a default

or non-appropriation by [the DOD], <u>and a first priority lien in favor of Purchaser in and to the Property</u>, together with all proceeds (cash and non-cash, including insurance proceeds) of the foregoing and <u>all of Seller's rights and remedies under the Contract, including (without limitation) the right to initiate and conclude any and all proceedings, legal, equitable or otherwise, that Seller otherwise might take, save for this Agreement</u>". (Emphasis added).

<u>See</u> Karpel Affidavit, Exhibit "C" at Sections 1 and 2. Pursuant to Section 6 of the Assignment Agreement, Key "shall have all of the rights of [OLG] under the [DOD] Contract, but none of [OLG's] obligations thereunder...". <u>See</u> Karpel Affidavit, Exhibit "C" at Section 6. Use of the assignment allows Key to enforce and protect the very lien on the Vehicles that OLG admits that Key maintains!

As discussed in Key's moving Memorandum of Law, when an agreement's term are clear and unambiguous, there is no need to resort to other means of interpretation to determine their meaning and a court should enforce the plain meaning of that agreement. <u>See</u> <u>Battery Associates, Inc. v. J & B Battery Supply, Inc.</u>, 944 F.Supp. 171, 175 (E.D.N.Y. 1996). An agreement is not rendered ambiguous merely because the parties urge different interpretations in the litigation. <u>Air Support International, Inc. v. Atlas Air, Inc.</u>, 54 F.Supp.2d 158, 165-66 (E.D.N.Y. 1999).

OLG's argument that Key does not have any rights in and to the Vehicles is specious. In defining the term "Assigned Interest", the Assignment Agreement expressly includes the DOD Contract. Karpel Affidavit, Exhibit "C" at Section 2. Thus, by that provision alone, Key has taken an assignment of all of OLG's rights under the DOD Contract. As defined, "Assigned Interest" also includes "all amounts due and to become due under the [DOD] Contract" and a "first priority lien in favor of purchaser in and to the Property". <u>Id.</u> Property is defined as the property leased from OLG to the DOD as described in the DOD Contract, to wit, the Vehicles. Karpel Aff., Exhibit "C" at introductory paragraph. Significantly, Section 2 further indicates that

4

Key, as OLG's assignee, has the right to initiate and conclude any and all proceedings, legal, equitable or otherwise, that OLG otherwise might take. Karpel Aff., Exhibit "C" at Section 2. Consequently, Key did not merely take assignment of the lease payment stream as the Zerbo Affirmation would mislead this Court to believe. Rather, as the clear language of the Assignment Agreement indicates, Key took an assignment of the entire DOD Contract to protect the substantial advance of funds it made to enable OLG to lease the Vehicles to the DOD. Section 6 of the Assignment Agreement is consistent therewith by providing Key with "all of the rights" of OLG under the DOD Contract, but none of OLG's obligations (such as maintenance and repair as OLG indicates it is required to do). All of the rights means, without limitation, right to payment and the right to recover possession and to dispose of the Vehicles, to protect and enforce Key's substantial economic interest in these transactions. Any other reading would ignore the clear and unambiguous language contained in the Assignment Agreement.

In a transparent effort to create an ambiguity that simply does not exist, OLG purports to rely upon the parties' prior course of conduct whereby some Vehicles had been previously returned by the DOD and sold by OLG. Conspicuous by its absence is any legal authority cited by OLG to support its argument. That is not surprising, however, as the express terms of the Assignment Agreement preclude OLG's reliance upon the parties' purported prior course of conduct to alter the terms of the agreement. In that regard, pursuant to Section 10 of the Assignment Agreement, Key and OLG expressly agreed that:

> This Agreement is the entire agreement between Purchaser [Key] and Seller [OLG] with respect to the subject matter hereof and it may not be supplemented or amended except by a writing, which is signed by both parties.

Karpel Affidavit, Exhibit "C" at Section 10.

The parol evidence rule prohibits the introduction of evidence outside a written agreement for the purpose of varying or adding to such an agreement, especially when, as here, the written agreement includes a merger clause. Katz v. American Technical Industries, Inc., 96 A.D.2d 932, 466 N.Y.S.2d 378, 380 (2d Dep't 1983). Thus, given the clear and unambiguous terms of the Assignment Agreement and its merger clause, Key's willingness to allow OLG to dispose of a few Vehicles cannot serve to vary the terms of the Assignment Agreement or take away any of Key's rights thereunder.

Lastly, OLG posits that ambiguous language should be construed against the interest of the drafting party. While the language of the Assignment Agreement is clearly not ambiguous, OLG's argument flies in the face of its own relentless point that the Assignment Agreement was heavily negotiated as between OLG and Key and was clearly not drafted by just one side of the interested parties.

## POINT III

### PLAINTIFF'S CROSS-MOTION SHOULD BE DENIED

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, discovery may only be had should it appear from the affidavits opposing a motion for summary judgment that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition. Summary judgment, however, may be granted where discovery will not reasonably help the opposing party to resist summary judgment. Witter v. Abell-Howe Co., 765 F. Supp. 1144 (W.D.N.Y 1991). See also Dixon v. Bowen, 126 F.R.D. 483 (S.D.N.Y. 1989)(incantation of desire for discovery will not, in itself, defeat an otherwise meritorious motion for summary judgment, where requested discovery is not reasonably likely to be of use in resisting motion).

As discussed in the Arenth Reply Affirmation, OLG's cross-motion for discovery is admittedly designed to elicit documents and testimony to show that the DOD has not elected to non-renew its lease of the TO #31 Vehicles and that the TO #31 Vehicles have not been "returned" by the DOD. However, whether or not the DOD has elected to non-renew its lease or has returned the TO #31 Vehicles is simply irrelevant for purposes of Key's motion. Key merely seeks a declaration as to its rights with respect to the Vehicles, as OLG's assignee, <u>as and when the Vehicles come off lease</u> -- at whatever point in time that may be, now or later. Based thereon, the discovery that OLG purportedly needs to oppose Key's motion "will not reasonably help [OLG] to resist summary judgment", warranting denial of OLG's cross-motion for discovery. Moreover, discovery as to the meaning of the assignment provision is equally unavailing when the assignment language is crystal clear and OLG offers no other construction for the plain language -- language that is entirely consistent with affording Key the legal mechanism to protect and enforce its lien in the Vehicles.

## POINT IV

### RULE 54(b) CERTIFICATION SHOULD BE GRANTED CONCERNING THE PARTIAL SUMMARY JUDGMENT ON KEY'S FOURTH AMENDED COUNTERCLAIM AND KEY'S REMAINING COUNTERCLAIMS <u>SHOULD BE SEVERED AND CONTINUED</u>

OLG misapprehends that branch of Key's motion which seeks certification of any partial summary judgment against OLG on Key's Fourth Amended Counterclaim, pursuant to Rule 54(b), and the severance and continuance of Key's remaining counterclaims, pursuant to Rule 42(b). With regard to the Rule 54(b) certification request, should this Court grant Key its summary judgment against OLG on its Fourth Amended Counterclaim for declaratory relief,

there is basis for immediate entry of final judgment on that claim as it will be an ultimate disposition on Key's counterclaim for declaratory judgment.

As Key's motion seeks only summary judgment as to its Fourth Amended Counterclaim, severance and continuance of its remaining counterclaims is appropriate as those claims will remain subject of litigation.  OLG's belief that Key's request for this relief is to defer and delay adjudication of its counterclaims is confounding, as it intended to have the very opposite effect by continuing the litigation as to the claims that remain in controversy.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that Defendant's motion be granted in its entirety.

Dated:  Garden City, New York
        May 30, 2008

                                            Respectfully submitted,

                                            MORITT HOCK HAMROFF & HOROWITZ LLP
                                            Attorneys for Defendant

                                            By: _____
                                                Terese L. Arenth, Esq. (TA-5167)
                                                Marc L. Hamroff, Esq. (MH-9283)
                                            400 Garden City Plaza
                                            Garden City, NY  11530
                                            (516) 873-2000


F:\Key Equipment Finance\Overseas\Docs\SJ Reply Memo Of Law.Doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                 ) ss.:
COUNTY OF NASSAU     )

     MICHELLE FALCONER, being duly sworn deposes and say:

     I am not a party to the action, am over 18 years of age and reside in Rockville Centre, New York.

     On the 30th day of May, 2008, I served true copies of the within DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION PURSUANT TO FED. R. CIV. P. 56(f) via first class mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

     PAUL BATISTA, P.C.
     26 Broadway - Suite 1900
     New York, New York 10004
     Attn: Paul Batista, Esq.

                                       MICHELLE FALCONER

Sworn to before me this
30th day of May, 2008

Notary Public
DAGMAR E. ROWINSKY
NOTARY PUBLIC, State of New York
No. 4789327
Qualified in Nassau County
Commission Expires 10-31-08

F:\Key Equipment Finance\Overseas\Docs\AOS Reply Memo of Law 5 30 08.doc