

**Moritt Hock Hamroff & Horowitz** LLP
ATTORNEYS AT LAW

Terese L. Arenth
Partner
Email: tarenth@moritthock.com

June 13, 2008

**VIA FACSIMILE**
The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08
```

    Re:    <u>Overseas Lease Group, Inc. v. Key Government Finance, Inc.</u>
            08 Civ. 01696 (SAS)(THK)

Dear Judge Scheindlin:

    We represent Defendant Key Government Finance, Inc. ("Key") in the above-mentioned matter. We submit this letter in response to Paul Batista's letter to you dated June 12, 2008. Therein, he seeks to re-open the briefing of Key's fully submitted motion for partial summary judgment and Plaintiff's cross-motion to include in the record a Supplemental Affirmation of Donna Zerbo, attaching a March 29, 2006 "commitment letter" (the "Commitment Letter").

    Contrary to Plaintiff's assertions, neither the Commitment Letter nor Ms. Zerbo's Affirmation serves to undercut the position taken by Key on its motion and, in actuality, they add nothing new to the facts or issues before the Court. As clearly stated in Key's reply on its motion, Key does not take the position that Key is entitled to absolute ownership and control of the vehicles when the Department of Defense (the "DOD") returns those vehicles -- a point that Plaintiff continues to miss. Rather, as discussed at length at the pre-motion conferences and as addressed in Key's motion, for purposes of its motion, Key expressly does not contest the issue of Plaintiff's title to the vehicles and acknowledges that it received an assignment of the revenue stream paid by the DOD to Plaintiff and Key. Key's motion is premised, however, upon the clear language of the assignment agreement between the parties, which indisputably grants Key all of the rights and remedies of Plaintiff, including the right to recover possession of the vehicles and to dispose of them as and when they come off lease, <u>as Plaintiff's assignee and/or lienholder</u>. The assignment of OLG's rights and remedies gives Key the very mechanism to enforce its lien in the vehicles if, as and when they are made

---



Honorable Shira A. Scheindlin
June 13, 2008
Page 2

available for return. The Zerbo Affirmation does not and cannot refute the clear and unambiguous provision of the assignment to Key.[1]

Based upon the foregoing, we do not believe that there is any basis for re-opening the briefing to include Ms. Zerbo's Supplemental Affirmation. Notwithstanding, should the Court decide to permit the Supplemental Affirmation to be considered on this motion, it is Key's position that neither the Supplemental Affirmation nor the Commitment Letter have any impact upon the facts and issues raised by the motion, based upon the clear language of the assignment agreement.

> Respectfully submitted,
> MORITT HOCK HAMROFF & HOROWITZ LLP
> Attorneys for Defendant
>
> By: _____
> Terese L. Arenth, Esq. (TA-5167)
> Marc L. Hamroff, Esq. (MH-9283)
> 400 Garden City Plaza
> Garden City, NY 11530
> (516) 873-2000

TLA:mf

cc: Paul Batista, Esq. (via facsimile)

F:\Key Equipment Finance\Overseas\Correspondence\Judge Scheindlin 6 13 08.doc

*Plaintiff may add the additional affidavit and attached exhibit to the record. The Court will also consider this letter as part of the record. No further submissions for any reason.*

SO ORDERED:

Dated: New York, New York
June 13, 2008

_____
Shira A. Scheindlin
U.S.D.J.

---

[1] In any event, the Commitment Letter is by no means "new" evidence discovered by OLG. It dates back to March 2006 and was admittedly in OLG's own files. Aside therefrom, it does not serve to cut against Key's position as admitted by OLG's own counsel in his April 15, 2008 letter to this Court, wherein Mr. Batista argued that the assignment agreement is the controlling document between the parties.